■ GENERAL TURBINE CORPORATION, Appellant v. HELWIG CARBON PRODUCTS, INC., Respondent.— Order unanimously reversed, with costs, and motion denied. Memorandum: In this action instituted by personal service of a summons upon the secretary of the defendant corporation in Wisconsin under the asserted authority of CPLR 302 (subd. [a], par. 1) the court granted defendant's motion under CPLR 3211 (subd. [a], par. 8) to dismiss the summons on the ground the court had no jurisdiction of the person of the defendant corporation. The question presented is whether the defendant corporation was transacting business in New York so as to make the provisions of CPLR 302 (subd. [a], par. 1) applicable to this action. Paragraph 3 of plaintiff's complaint alleges: " That the cause of action alleged in this Complaint arises out of and results from the transaction of business by and between the Plaintiff, a New York corporation, and the Defendant, a non-domiciliary of the State of New York, by the breach of warranty made by the Defendant involving certain goods delivered to the Plaintiff in the State of New York, by the Defendant." It is not controverted by the defendant that plaintiff was advised by defendant corporation that its salesman Schubert who had previously called on plaintiff would call on it at regular intervals to co-operate with plaintiff in connection with its business requirements that defendant's salesman contacted and solicited other business places in the Buffalo area, sent out literature, catalogues and brochures to them, and sold and delivered products to them, and that defendant's salesman made unsolicited sales calls on plaintiff, left advertising brochures and catalogues with plaintiff and subsequently after an order for carbon brushes was issued out of plaintiff's Buffalo office, shipped the order to plaintiff at its Buffalo address. These facts are clearly distinguishable from those in *Kramer v. Vogl* (17 N Y 2d 27) where the plaintiff, a New York leather dealer, claimed exclusive rights to import and sell defendant's leather from Austria, but who by the terms of his contract with defendant, purchased the leather f.o.b. European ports and was not entitled to any salary or commissions from the defendant. The defendants themselves carried on no sales promotion or advertising activities in this State. As pointed out by the court in its opinion: " We do not have here, as we had in *Singer* [15 N Y 2d 443] ; *Lewin* [16 N Y 2d 1070] ; *Johnson* [16 N Y 2d 1067], a nonresident defendant who has one or more local salesmen in this State or who solicits business in this State by means of catalogue, advertisements or other promotional material circulated here." Nor do we have a situation as in *McKee Elec. Co.* v. *Rauland-Borg Corp.,* (20 N Y 2d 377) where the defendant sent representatives into this State to aid in solving the problems in suit and in an attempt to bring about the amicable settlement of those issues. Here the defendant's representative's purposeful business activity in New York preceded and culminated in the transaction out of which the cause of action arose. As a consequence of such activity the plaintiff properly obtained personal jurisdiction of the defendant in accordance with the provisions of CPLR 302 (subd. [a], par. 1).

(Appeal from order of Erie Special Term granting motion to dismiss summons.) Present — Williams, P. J., Bastow, Marsh, Witmer and Henry, JJ.